UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ANTHRACITE CAPITAL BOFA
FUNDING, LLC,

        Plaintiff,

  -v-                                                    No. 09 Civ. 1603 (LTS)(KNF)

Terry and Rose Knutson as Trustees of
the TERRY AND ROSE KNUTSON 2000
FAMILY TRUST and TERRY KNUTSON,

        Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

In this action arising out of a real estate acquisition financing transaction funded by Lehman Brothers Bank, FSB ("Lehman Brothers"), plaintiff Anthracite Capital BOFA Funding, LLC ("Plaintiff"), asserts claims for breach of contract and a declaratory judgment against defendants Terry Knutson, as an individual, and Terry and Rose Knutson, as trustees of the Terry and Rose Knutson 2000 Family Trust (collectively, the "Knutson Defendants"). Plaintiff is the alleged assignee of Lehman Brothers' rights in the transaction and its claims are based upon three separate guarantee agreements executed by the Knutson Defendants in favor of Lehman Brothers (the "Guarantees"). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1).

The parties have submitted the following motions and requests: Plaintiff's Motion for Summary Judgment, Motion to Strike the Knutson Defendants' Affirmative Defenses, and Motion to Strike the Knutson Defendants' Jury Demand (docket entry no. 33); the Knutson Defendants'

Motion to Amend their Answer to the Amended Complaint (docket entry no. 71); and Plaintiff's Request to Stay Discovery pending resolution of the Motion for Summary Judgment (docket entry no. 77). The Court has considered thoroughly the parties' submissions. For the following reasons, the Knutson Defendants' Motion to Amend is granted; Plaintiff's Motion for Summary Judgment and Motions to Strike are denied without prejudice to later renewal; and Plaintiff's Request to Stay Discovery is denied.

### BACKGROUND

Plaintiff commenced this action by filing the Complaint on February 20, 2009 (docket entry no. 1), which was superseded by the Amended Complaint on March 12, 2009 (docket entry no. 12). The Knutson Defendants interposed an Answer to the Amended Complaint on April 14, 2009, in which, inter alia, they asserted five affirmative defenses, including undue influence and fraudulent inducement.[1] (Docket entry no. 18.) Plaintiff moved for summary judgment, as well as to strike the Knutson Defendants' affirmative defenses and jury demand, on May 5, 2009. (Docket entry no. 33.) On June 17, 2009, the Knutson Defendants' then-counsel withdrew from representing the Knutson Defendants due to a conflict of interest. (Docket entry nos. 41, 43.)

The Court held an initial pre-trial conference on July 2, 2009, at which the Knutson Defendants were represented by newly-retained counsel. The Court declined to stay discovery in the action and issued a Pre-Trial Scheduling Order that required all applications to amend pleadings to be made by August 15, 2009. (Docket entry no. 54.) The Knutson Defendants timely moved to amend their pleading to assert additional facts and affirmative defenses, including defenses premised upon

---

[1] Defendants Bethany Holdings Group LLC, Gregory P. Garman, and Jeffrey Silverman (the "Defaulting Defendants") have not appeared in this action. The Court granted Plaintiff's motion for default judgment with respect to the Defaulting Defendants on May 26, 2009. (Docket entry no. 39.)

fraudulent misrepresentation, Plaintiff's purported lack of standing to assert its claims, and the alleged illegitimacy of the transfer of the Guarantees. (Docket entry no. 71.) On November 12, 2009, Plaintiff moved to stay discovery in the action pending resolution of Plaintiff's potentially dispositive summary judgment motion. (Docket entry no. 77.)

DISCUSSION

*The Knutson Defendants' Motion to Amend*

It is within the discretion of the district court to grant leave to amend a pleading, see In re Tamoxifen Citrate Antitrust Litig., 466 F.3d 187, 221 (2d Cir. 2006), and a court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The Knutson Defendants have moved to amend their pleading within the time period provided by the Pre-Trial Scheduling Order. Plaintiff's opposition submission does not assert that granting the motion would cause it to be prejudiced. Rather, Plaintiff's sole argument in opposition to the motion is that leave should be denied on the grounds of futility, because the Guarantees themselves purportedly preclude the Knutson Defendants from asserting affirmative defenses.

Plaintiff relies on Bank of New York v. Tri Polyta Finance B.V. for the proposition that "[u]nder New York law . . . unconditional guarantees with clear and unambiguous terms are enforceable and bar the assertion of affirmative defenses." Bank of New York v. Tri Polyta Finance B.V., No. 01 Civ. 9104, 2003 WL 1960587, *4 (S.D.N.Y. Apr. 25, 2003). In Bank of New York, the defendant did not challenge the validity of the guarantee itself but, rather, sought to interpose the affirmative defense of impossibility. Id. The Court held that the impossibility defense was precluded by the terms of the contract. Id. Bank of New York is distinguished from the instant case because here the Knutson Defendants assert, inter alia, that the contract itself is unenforceable because it was fraudulently induced. The distinction is pivotal because the Knutson Defendants' allegation, if

meritorious, could enable the Knutson Defendants to avoid liability liable under the Guarantees.  See Manufacturers Hanover Trust Co. v. Yanakas, 7 F.3d 310, 316-18 (2d Cir. 1993) (under New York law, the affirmative defense of fraudulent inducement is not precluded by contract language providing that the contract's terms are "absolute and unconditional").  Furthermore, the Knutson Defendants' affirmative defenses premised upon Plaintiff's alleged lack of standing and the alleged illegality of the transfer of the Guarantees, if meritorious, defeat Plaintiff's claims for relief in this action.  The Court therefore cannot conclude at this point that the proposed amendment would be futile and, accordingly, the motion to amend is granted.

*Plaintiff's Motion for Summary Judgment*

In light of the Court's decision to grant the Knutson Defendants leave to amend their pleading to assert additional facts and affirmative defenses, Plaintiff's pending motion for summary judgment and the attendant motions to strike are denied without prejudice to later renewal.

*Plaintiff's Request to Stay Discovery*

Rule 26(c) of the Federal Rules of Civil Procedure provides the Court with discretion to stay discovery "for good cause."  Fed. R. Civ. P. 26(c).  "Factors relevant to a court's determination of 'good cause' include: the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery."  Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc., No. 08 Civ. 2437, 2009 WL 274483, *1 (S.D.N.Y. Feb. 3, 2009).  These factors do not warrant a stay in this case.

The Court has denied Plaintiff's summary judgment motion without prejudice.  Accordingly, there are no pending dispositive motions.  While Plaintiff's argument that the Knutson Defendants' discovery requests are overly broad might warrant limitations on the scope of discovery,

Plaintiff has not demonstrated that a stay of discovery is appropriate. Accordingly, the Court denies Plaintiff's request to stay discovery.

## CONCLUSION

The Knutson Defendants' Motion to Amend their Answer to the Amended Complaint is granted. The Knutson Defendants must file their Amended Answer (with a courtesy copy for Chambers) by **December 11, 2009**. Plaintiff's Motion for Summary Judgment, Motion to Strike the Knutson Defendants' Affirmative Defenses, and Motion to Strike the Knutson Defendants' Jury Demand are denied without prejudice to later renewal. Plaintiff's request to stay discovery is denied.

The parties are directed to address any issues related to the scope or scheduling of discovery to Magistrate Judge Kevin Nathaniel Fox, pursuant to the General Pre-Trial Management Reference Order issued contemporaneously with this Memorandum Opinion and Order. This Memorandum Opinion and Order resolves docket entry nos. 33 and 71.

SO ORDERED.

Dated: New York, New York
December 3, 2009

/s/ LAURA TAYLOR SWAIN
United States District Judge